IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAMAR EVANS,                          CASE NO. 2:06-cv-188
                                      JUDGE HOLSCHUH
      Petitioner,                    MAGISTRATE JUDGE ABEL

v.

ALAN LAZAROFF,

      Respondent.

## OPINION AND ORDER

On October 23, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 17.

Petitioner argues that the Ohio procedural rules barring review of his claims are inadequate state grounds to preclude federal habeas corpus review under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Alternatively, petitioner asserts that exceptional circumstances warrant review of all of his claims, because he did not knowingly, intelligently, and voluntarily plead guilty, and because he "was cajoled into waiving his right to appeal." Petitioner also argues that his guilty plea is the product of the ineffective assistance of counsel, that his guilty plea must be vacated because there was no written waiver of jury trial, that he was denied the effective assistance of appellate counsel and the right to appeal, and that he was improperly sentenced, as a co-defendant received a substantially lesser sentence than did petitioner. *See Objections*.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. The Court has carefully reviewed the entire record in this case. For the reasons discussed by the Magistrate Judge, none of petitioner's arguments is persuasive. Petitioner

pleaded guilty on June 18, 2004. He waited until March 2, 2006, to execute the instant habeas corpus petition. Additionally, as discussed by the Magistrate Judge, petitioner waived his right to appeal as a part of his guilty plea. Further, he never filed a timely appeal of the appellate court's denial of his motion for a delayed appeal, and the Ohio Supreme Court summarily denied his motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a). Therefore, all petitioner's on the record claims are waived. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Petitioner also has filed a notice alleging that he improperly has been transferred out of the custody of the Madison Correctional Institution, in violation of Federal Rule of Appellate Rule 23(a). Doc. No. 16. Federal Rule of Appellate Procedure 23(a) provides:

> Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party

*Id*. However, the rule "applies only when a habeas petition is before a court of appeals on review of a district court's decision." *Evans v. Luoma*, 2006 WL 2471938 (E.D. Michigan August 24, 2006), citing *Mitchell v. McCaughtry*, 291 F.Supp.2d 823, 835 (E.D.Wis.2003). The rule therefore is inapplicable here. *Id*.

For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, all of petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED AND AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Date: December 19, 2006                                /s/ **John D. Holschuh**
                                                      JOHN D. HOLSCHUH
                                                      United States District Judge